**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| BROADCAST MUSIC, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.: 1:12-cv-07339 |
| v. | ) | |
| | ) | Hon. John F. Grady |
| M.R.T.P., INC. d/b/a PRISCO'S ELEVEN | ) | |
| WEST; ANTHONY PRISCO, and | ) | |
| MICHAEL ROSSI, each individually, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT**
**OF MOTIONS FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

PAGE

I.     INTRODUCTION ..................................................................................................1

II.    BACKGROUND ..................................................................................................1

III.   PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT.......................4

     A.    There Are No Genuine Issues of Material Fact ........................................5

     B.    The Defendants Are Vicariously Liable for Acts of
           Infringement Committed at Prisco's Eleven West...................................7

IV.   PLAINTIFFS ARE ENTITLED TO THE RELIEF
     THEY REQUEST ................................................................................................9

     A.    Injunctive Relief .....................................................................................9

     B.    Statutory Damages.................................................................................11

     C.    Attorney's Fees and Costs .....................................................................14

V.    CONCLUSION..................................................................................................15

TABLE OF AUTHORITIES

CASE PAGE

Anderson v. Liberty Lobby, Inc.,
 477 U.S. 242, 247-248 (1986) ...............................................................4

Boz Scaggs Music v. KND Corp.,
 491 F. Supp 908 (D.Conn. 1980).......................................................5, 8

Bridgeport Music, Inc. v. Justin Combs Publ'g,
 507 F.3d 470, 492 (6th Cir. 2007) ..................................................9, 10

Broad. Music, Inc. v. CDZ, Inc.,
 724 F. Supp. 2d 930, 939 (C.D. Ill. 2010) ..........................................13

Broad. Music, Inc. v. Columbia Broadcasting System, Inc.,
 441 U.S. 1 (1979)....................................................................................1

Broad. Music, Inc. v. Dona Cuca, Inc.,
 1:12-cv-1850 (N.D. Ill. July 31, 2013) ................................................13

Broad. Music, Inc. v. Entertainment Complex, Inc.,
 198 F.Supp.2d 1291 (N.D. Ala. 2002) .................................................13

Broad. Music, Inc. v. Fox Amusement Co.,
 551 F. Supp. 104 (N.D. Ill. 1982) .......................................................14

Broad. Music, Inc. v. Moor-Law, Inc.,
 484 F. Supp. 357 (D. Del. 1980)............................................................1

Broad. Music, Inc. v. Niro's Palace, Inc.,
 619 F. Supp. 958 (N.D. Ill. 1985)..............................................7, 8, 10

Broad. Music, Inc. v. Pine Belt Investment Developers, Inc.,
 657 F. Supp. 1016 (S.D. Miss. 1987) ..................................................5, 6

Broad. Music, Inc. v. The Peppermint Club, Inc.,
 229 USPQ 534 (N.D. Ohio 1986)...........................................................8

Broad. Music, Inc. v. Triple L Vending, Inc.,
 5 USPQ2d 1346 (W.D. Tex. 1987)..................................................12, 14

iii

Digital Filing Sys., LLC v. Aditya Int'l,
 323 F. App'x 407, 420 (6th Cir. 2009) ....................................................................................10

Divine Mill Music v. Blackmon's Inc.,
 2008 U.S. Dist. LEXIS 89755 (S.D. Ill. Nov. 5, 2008) ...........................................................13

EMI Mills Music, Inc. v. Empress Hotel, Inc.,
 470 F.Supp.2d 67 (D. Puerto Rico 2006) ................................................................................11

F.W. Woolworth Co. v. Contemporary Arts, Inc.,
 344 U.S. 228 (1952)..................................................................................................................11

Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.,
 443 F.2d 1159 (2d Cir. 1971) .....................................................................................................7

Granite Music Corp. v. Ctr. St. Smoke House, Inc.,
 786 F. Supp. 2d 716 (W.D.N.Y. 2011) ....................................................................................13

Halnat Pub. Co. v. L.A.P.A., Inc.,
 669 F. Supp. 933 (D. Minn. 1987)............................................................................................12

Herbert v. The Shanley Co.,
 242 U.S. 591 (1917)....................................................................................................................9

International Korwin Corp. v. Kowalczyk,
 855 F. 2d 375 (7th Cir. 1988) ..................................................................................................12

M. Witmark & Sons v. Calloway,
 22 F.2d 412 (D.Tenn. 1927)........................................................................................................8

Milene Music v. Gotauco,
 551 F. Supp. 1288 (D. R.I. 1982)...............................................................................5, 6, 10, 14

Music City Music v. Alfa Foods Ltd.,
 616 F. Supp. 1001 (E.D. Va. 1985) ..........................................................................................12

Nick-O-Val Music Co. v. P.O.S. Radio, Inc.,
 656 F. Supp. 826 (M.D. Fla. 1987)........................................................................................8, 12

Prater Music v. Williams,
 5 USPQ2d 1813 (W.D. Mo. 1987) .......................................................................................11, 12

Rodgers v. Eighty Four Lumber Co.,
   623 F. Supp. 889 (W.D. Pa. 1985) ...................................................................11, 12

Sailor Music v. Mai Kai of Concord, Inc.,
   640 F. Supp. 629 (D. N.H. 1986) .....................................................................5, 6, 10

Salinger v. Colting,
   607 F.3d 68,79-80 (2d Cir. 2010 ..............................................................................10

Shapiro, Bernstein & Co., Inc. v. H.L. Green Co., Inc.,
   316 F. 2d 304 (2d Cir. 1963) .......................................................................................8

Sixx Gunner Music v. Quest, Inc.,
   777 F. Supp. 2d 272, 274 (D. Mass. 2011) ...............................................................13

Stygian Songs v. Johnson,
   776 F. Supp. 2d 233, 239 (N.D. Tex. 2011) ..............................................................13

Twentieth Century Music Corp. v. Aiken
   422 U.S. 151, 157 (1975) ........................................................................................7, 8

Warner Bros., Inc. v. Lobster Pot, Inc.,
   582 F. Supp. 478 (N.D.Ohio 1984) .............................................................................8

Wihtol v. Crow,
309 F.2d 777 (8th Cir. 1962) .........................................................................................8

STATUTES:                                                                                                    PAGE

17 U.S.C. Section 101 et seq ...........................................................................................1

17 U.S.C. Section 106(4) .................................................................................................4

17 U.S.C. Section 501(a) .................................................................................................7

17 U.S.C. Section 504(c)(1) ..........................................................................................11

17 U.S.C. Section 504(c)(2) ..........................................................................................11

17 U.S.C. Section 505 ...................................................................................................14

28 U.S.C. Section 1338(a) ...............................................................................................1

28 U.S.C. Section 1400(a) ...................................................................................1

Fed. R. Civ. P. 36 .............................................................................................3

Fed. R. Civ. P. 56 .............................................................................................3

Fed. R. Civ. P. 56(c) ........................................................................................4

Fed. R. Civ. P. 56(e) ........................................................................................4

## PUBLICATIONS:

F. Harper, F. James & O. Gray, The Law of Torts, § 26.3
  (2d ed.1986) .................................................................................................8

Nimmer on Copyright, § 12.04[A] ...................................................................8

## I. INTRODUCTION

This is an action for copyright infringement brought pursuant to 17 U.S.C. § 101 *et. seq.* (the "Copyright Act"). Jurisdiction is vested in this Court under 28 U.S.C. § 1338(a) and venue is proper under 28 U.S.C. § 1400(a). Plaintiffs now move for summary judgment under Fed. R. Civ. P. 56 on the sole count of copyright infringement as to each of the Defendants, M.R.T.P., Inc. d/b/a Prisco's Eleven West ("M.R.T.P."), Anthony Prisco ("Prisco"), and Michael Rossi ("Rossi") (all Defendants collectively referred to as "Defendants"). As demonstrated below and in Plaintiffs' Statement of Undisputed Material Facts, submitted contemporaneously herewith, there are no material issues of fact in this action. Accordingly, Plaintiffs are entitled to Judgment as a matter of law.

## II. BACKGROUND

Plaintiff Broadcast Music, Inc. ("BMI") is a "performing rights society" which licenses the right to publicly perform copyrighted musical compositions works on behalf of the copyright owners of these works. (Plaintiffs' Statement of Undisputed Material Facts in Support of Plaintiffs' Motions for Summary Judgment ("SOF") ¶ 2); see also 17 U.S.C. § 101. The other Plaintiffs are the copyright owners of various compositions which are the subject of this lawsuit. (SOF ¶ 2.) Under the Copyright Act, the owners of copyrights in musical compositions possess the exclusive right to authorize public performances of their works. 17 U.S.C. § 106(4). Through agreements with copyright owners such as music publishing companies and independent composers, BMI acquires non-exclusive public performance rights. (SOF ¶ 3.) BMI has acquired such rights from each of the other Plaintiffs in this action. (*Id.*)

BMI, in turn, grants to music users such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs and hotels, the right to publicly perform any of the works in

BMI's repertoire by means of "blanket license agreements." (SOF ¶ 4.) These agreements have been recognized as the most practical means to exploit copyright owners' public performance rights. *See Broad. Music, Inc. v. Columbia Broadcasting System, Inc.*, 441 U.S. 1 (1979); *Broad. Music, Inc. v. Moor-Law, Inc.*, 484 F. Supp. 357 (D. Del. 1980), 527 F. Supp. 758 (D. Del. 1981), *aff'd without published opinion*, 691 F. 2d 491 (3d Cir. 1982).

BMI operates as a non-profit-making performing rights organization. (SOF ¶ 5.) It distributes all of the money it collects in license fees from music users—licensees such as the restaurants, hotels and nightclubs referenced above—as royalties to its affiliated publishers and composers, after the deduction of operating expenses and reasonable reserves. (*Id.*)

Defendants, M.R.T.P. and Prisco own and operate Prisco's Eleven West located at 11 West Sauk Trail, South Chicago Heights, Illinois 60411-5522 (the "Establishment" or "Prisco's Eleven West"), which regularly features performances of live and recorded music. (SOF ¶ 6.) Defendant Rossi was the listed as the Secretary of M.R.T.P. on the Illinois Liquor Control Commission's website at least as of the date of Defendants' infringement. (*Id.*)

As more fully set forth in the Declaration of Lawrence E. Stevens, Assistant Vice President, Licensing (the "Stevens Declaration") between November 2010 and June 2012, BMI repeatedly informed Defendants of the need to obtain permission for public performances of copyrighted music. (SOF ¶ 7.) BMI offered to enter into a license agreement with Defendants, but Defendants failed to enter into a license agreement. (*Id.*)

On September 27, 2011, BMI instructed Defendants to cease public performances of music licensed by BMI. (SOF ¶ 8.) Nevertheless, public performances of BMI-licensed music continued at Prisco's Eleven West after that date. (*Id.*) On March 7, 2012, a BMI Music researcher chronicled the performances of songs owned by the Plaintiffs. (SOF ¶ 9.)

Specifically, BMI's Music Researcher generated an audio recording and a written report of the songs played at Prisco's Eleven West on March 7, 2012, which includes the 8 songs that are the subject of this infringement action. (*Id.*) BMI's Performance Identification employee reviewed that recording and confirmed that the musical works that are the subject of this action were performed at Prisco's Eleven West on March 7, 2012.

Plaintiffs commenced this action for copyright infringement on September 13, 2012. (Dkt. No. 1.) Defendants failed to answer the Complaint and Plaintiffs filed a motion for default judgment on January 16, 2013. (Dkt. Nos. 13-15.) After an attorney appeared on behalf of Defendants (Dkt. No. 17), the Court granted Defendants leave to answer the Complaint until April 3, 2013 (Dkt. No. 21). On March 19, 2013, Defendants filed an Answer to the Complaint (Dkt. No. 22) and Defendant Michael Rossi moved to dismiss the Complaint as it relates to Defendant Rossi (Dkt. No. 23). On May 8, 2013, the Court denied Defendant Rossi's Motion to Dismiss as premature. The Plaintiffs' First Request for Admissions, Interrogatories and Request for Production were served on May 22, 2013. Defendants' responses to Plaintiffs' First Request for Admissions to Defendants are attached to the Lloyd Declaration as Exhibit B. Defendants failed to respond to Plaintiffs' Interrogatories and Request for Production of Documents within the time provided by Fed. R. Civ. P. 36. On August 20, nearly two months late, Defendant Rossi alone provided responses to Plaintiffs' Interrogatories. On October 15, 2013, nearly four mounths late, Defendant Prisco alone provided responses to Plaintiffs' Requests for Production and Plaintiffs' Interrogatories.

By their response to Plaintiffs' First Request for Admissions, Defendants admit that between November 2010 and June 2012, BMI offered to grant them a license for the public performance of musical compositions at Prisco's Eleven West and that none of the Defendants

were licensed by any of the Plaintiffs to publicly perform any of their musical compositions on March 7, 2012. (SOF ¶ 10.) Defendants admit that on March 7, 2012 Prisco's Eleven West was opened to the public. (SOF ¶ 11.) Defendants admit that they have no evidence controverting that on March 7, 2013, the musical compositions "Beautiful People, Keep Your Hands To Yourself, Killing Me Softly With His Song, Mr. Jones a/k/a Mister Jones, Round Here, Walk, Keep It Comin Love, and Name" were performed at Prisco's Eleven West. See Admissions 22-29. (SOF ¶ 12.)

Defendants M.R.T.P. and Prisco operated and maintained the Establishment, had the right and ability to direct and control the activities of the Establishment, and had a direct financial interest in the Establishment. (SOF ¶ 13.) In addition, Defendants admitted that Defendant Anthony Prisco had the right and ability to supervise the persons employed by Prisco's Eleven West on March 7, 2013 and that Prisco was present at the Establishment on March 7, 2012. (*Id.*)

## III. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT

Plaintiffs are entitled to summary judgment against Defendants as a matter of law. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any *material* fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). This standard "provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). Moreover, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party

may not rest upon mere allegations or denials . . . but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The Copyright Act provides the owner of a copyright with the exclusive right to perform, or to authorize others to perform, the copyrighted work. 17 U.S.C. § 106(4). Any person who violates this exclusive right is an infringer. 17 U.S.C. § 501(a). It is undisputed that the Defendants publicly performed the Plaintiffs' copyrighted musical compositions without authorization in violation of the Copyright Act. Accordingly, Plaintiffs seek judgment as a matter of law, statutory damages, injunctive relief and attorney's fees and costs pursuant to 17 U.S.C. §§ 504(c), 502 and 505.

### A.    <u>There Are No Genuine Issues Of Material Fact</u>

There are no genuine issues of material facts and summary judgment should be granted to Plaintiffs against Defendants. In order to prevail in an action for copyright infringement, the Plaintiffs must establish the following five elements:

1.    Originality and authorship of the copyrighted works involved;

2.    Compliance with the formalities of the Copyright Act;

3.    Proprietary rights in the copyrighted works involved;

4.    Public performance of the compositions involved; and

5.    Lack of authorization for public performance.

*Broad. Music, Inc. v. Pine Belt Investment Developers, Inc.*, 657 F. Supp. 1016 (S.D. Miss. 1987); *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629 (D.N.H. 1986); *Milene Music v. Gotauco*, 551 F. Supp. 1288 (D.R.I. 1982); *Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 90 (D. Conn. 1980).

The *first* *three* elements are established in the Lloyd Declaration, which constitutes sufficient evidence of the facts sworn to therein. 28 U.S.C. § 1746. The Lloyd Declaration, referring to the Schedule of the Complaint, sets forth the names of the authors and publishers of each composition, the date of copyright registration and the registration number. (Lloyd Declaration ¶ 4.) The Declaration includes copies of each registration certificate and documentation showing the ownership of the songs. (*Id.* Ex. A.) The copyright registration certificates are *prima facie* evidence of the validity of the asserted copyrights. 17 U.S.C. § 410(c). There is no dispute of these facts. By their response to the Plaintiffs' First Request for Admissions, numbers 31, 33, 35, Defendants do not dispute the elements of originality, proper registration and proprietary interest. (SOF ¶ 14.) That is to say that there is no dispute that Plaintiffs own a valid and enforceable copyright in the compositions at issue in this case. *See Broad. Music, Inc. v. Pine Belt Investment Developers, Inc.*, 657 F. Supp. at 1020; *Milene Music, Inc. v. Gotauco*, 551 F. Supp. 1288.

The *fourth* element, public performance, is established by the Certified Infringement Report of Sarah Kaminsky—who was hired by BMI for the purpose of visiting the Establishment and making an audio recording and a written report of musical compositions which were performed at Prisco's Eleven West—and by the Certification of BMI's Performance Identification employee, Joannah Carr, and Certification of Lisa Brammer. (Stevens Declaration, ¶¶ 10, 11, 12; Ex. A.) Ms. Kaminsky's Certified Report, and Ms. Carr's and Ms. Brammer's Certifications are attached to the Stevens Declaration at Exhibit A. As discussed in more detail below, these certifications are sufficient evidence to establish the public performance of the copyrighted music. 28 U.S.C. § 1746; *Broad. Music, Inc. v. Pine Belt Investment*

*Developers, Inc.*, 667 F. Supp. at 1020; *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629.

The <u>fifth</u> element, lack of authorization, is similarly established in the Stevens Declaration and likewise undisputed by the Defendants. The Stevens Declaration verifies that the Defendants did not enter into a BMI license agreement, nor were the performances otherwise authorized. (Stevens Declaration, ¶ 9.) Moreover, Defendants continued to publicly perform copyrighted music without permission after being instructed to cease, as indicated by the Certified Infringement Report. (Stevens Declaration, ¶ 10; Ex. A.)

### B. The Defendants Are Vicariously Liable for Acts of Infringement Committed at Prisco's Eleven West

M.R.T.P. is itself liable for infringing acts committed at the Prisco's Eleven West. *See Broad. Music, Inc. v. Niro's Palace, Inc.*, 619 F. Supp. 958, 961 (N.D. Ill. 1985) ("Not only is the performer liable for infringement, but so is anyone who sponsors the performance.") (*citing Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 157 (1975)). Similarly, as President and Secretary of M.R.T.P., Defendants Prisco and Rossi are corporate officers directly controlling Prisco's Eleven West and are liable for the infringing acts committed at Prisco's Eleven West. *See Sailor Music*, 640 F. Supp. at 633 (a corporate officer is liable as a joint tortfeasor in a copyright infringement action where the officer was the dominant force in the corporation and determined the policies which resulted in the infringement).

The Copyright Act, at 17 U.S.C. § 501(a), provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by Sections 106 through 121 . . . is an infringer of the copyright . . . ." Interpreting the equivalent section under the Copyright Act of 1909, the Second Circuit Court of Appeals stated: "Although the Act does not specifically delineate what kind or degree of participation in an infringement is actionable, it has long been

held that one may be liable for copyright infringement even though he has not himself performed the protected composition." *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F. 2d 1159, 1161-62 (2d Cir. 1971).

> In an earlier Second Circuit case, the Court stated:

> [T]he cases are legion which hold the dance hall proprietor liable for the infringement of copyright resulting from the performance of a musical composition by a band or orchestra whose activities provide the proprietor with a source of customers and enhanced income. He is liable whether the band leader is considered, as a technical matter, an employee, or an independent contractor and whether or not the proprietor has knowledge of the compositions to be played or any control over their selection.

*Shapiro, Bernstein & Co., Inc. v. H.L. Green Co., Inc.*, 316 F. 2d 304, 307 (2d Cir. 1963); *Broad. Music, Inc. v. The Peppermint Club, Inc.*, 229 U.S.P.Q. 534, 537-38 (N.D. Ohio 1986).

As the sponsor of the public performances, the corporate Defendant M.R.T.P. is liable for infringement at Prisco's Eleven West. *See Broad. Music, Inc. v. Niro's Palace, Inc.*, 619 F. Supp. 958, 961 (N.D. Ill. 1985) ("Not only is the performer liable for infringement, but so is anyone who sponsors the performance") (*citing Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 157 (1975)). The corporate Defendant, M.R.T.P. is likewise responsible for the tortious actions of their employees under the doctrine of respondeat superior. *Wihtol v. Crow*, 309 F.2d 777, 782-783 (8th Cir. 1962); *M. Witmark & Sons v. Calloway*, 22 F.2d 412, 414 (D.Tenn. 1927); *see also generally F. Harper, F. James & O. Gray*, The Law of Torts, §26.3 (2d ed. 1986); *Nimmer on Copyright*, § 12.04[A].

Not only is M.R.T.P. liable for infringements occurring at Prisco's Eleven West, but Anthony Prisco and Michael Rossi are also individually liable. "A corporate officer is jointly and severally liable, with his corporation for copyright infringement if he (1) 'had the right and ability to supervise the infringing activity', and (2) 'has a direct financial interest in such

activities'." *The Peppermint Club, Inc.*, 229 USPQ at 538, (quoting *Warner Bros., Inc. v. Lobster Pot, Inc.*, 582 F. Supp. 478, 483 (N.D. Ohio 1984)). *See also Nick-O-Val Music Co. v. P.O.S. Radio, Inc.*, 656 F. Supp. 826, 828 (M.D. Fla. 1987); *Milene Music, Inc.*, 551 F. Supp. at 1295; *Boz Scaggs Music*, 491 F. Supp. at 913-14. Defendant Anthony Prisco as President of M.R.T.P. had responsibility for the day to day activities there. (SOF ¶ 6.) Michael Rossi was Secretary of M.R.T.P., at least as of the date of the infringement. (*Id.*)

## IV. PLAINTIFFS ARE ENTITLED TO THE RELIEF THEY REQUEST

Plaintiffs request permanent injunctive relief, statutory damages for each of the claims of infringement, costs and reasonable attorney's fees. Each aspect of the requested relief is briefly discussed below.

### A. Injunctive Relief

Musical performances are obviously important to the operation of Prisco's Eleven West. "If music did not pay, it would be given up." *Herbert v. The Shanley Co.*, 242 U.S. 591, 595, 37 S.Ct. 232, 233 (1917). It is clear from the fact that a BMI Music Researcher logged unauthorized performance of music in the BMI repertoire – long after Defendants' receipt of numerous calls and letters from BMI – that Defendants did not give it up. Plaintiffs therefore seek injunctive relief to prevent further copyright violations. *See Bridgeport Music, Inc. v. Justin Combs Publ'g*, 507 F.3d 470, 492 (6th Cir. 2007).

BMI seeks an injunction against Defendants M.R.T.P., Inc., Anthony Prisco, and Michael Rossi that would prevent them from publicly performing music in BMI's repertoire. BMI has offered to Defendants' establishment a blanket license, which is a well-established license agreement that has been entered into by tens of thousands of similar establishments across the United States. BMI's blanket license would permit Defendants to publicly perform any of the

musical works in BMI's repertoire, which currently includes approximately 7.5 million musical works, or approximately one-half of the songs played on the radio each year in the United States. BMI's repertoire of musical works is available for full search capability in the "Repertoire Search" section of www.bmi.com.

Section 502(a) provides that the Court may grant final injunctions "to prevent or restrain infringement of a copyright." 17 U.S.C. § Section 502(a) (2012). In order to be awarded an injunction, the moving party must show: (1) likelihood of success on the merits; (2) irreparable harm; (3) balance of hardships tipping in movant's favor; and (4) non-disservice of the public interest by issuing the injunction. *See Salinger v. Colting*, 607 F.3d 68,79-80 (2d Cir. 2010). As one court has stated in a case similar to this:

> A permanent injunction is especially appropriate where a threat of continuing infringement exists. . . The threat of continuing infringement is substantial in the present case. Niro's provided unauthorized performances of copyrighted musical compositions on its premises after receiving oral and written notices of infringement and demands to stop such infringement from BMI. This behavior indicates a willful disregard of copyrights held by BMI and should be permanently enjoined.

*Broad. Music, Inc. v. Niro's Palace, Inc.*, 619 F. Supp. 958, 963 (N.D. Ill. 1985). Here, as in *Niro's Palace*, the Defendants willfully disregarded the copyrights held by the Plaintiffs, as well as oral and written notice and continued to perform copyrighted musical compositions for years with no license to do so. Courts have consistently held "that a showing of past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction." *Bridgeport Music*, 507 F.3d at 492. *See also Digital Filing Sys., LLC v. Aditya Int'l*, 323 F. App'x 407, 420 (6th Cir. 2009) ("Permanent injunctions are granted where liability is determined and a continuing threat to a copyright exists."). Similarly, in *Milene Music*, the Court granted injunctive relief stating that "[t]he history of defendants' actions…exhibits an

unfortunate tendency conveniently to ignore, from time to time…the plaintiffs' proprietary rights." 551 F. Supp. at 1295-96. *See also Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. at 634-35.

In this instance, where the Defendants are as yet unlicensed and continue to offer unauthorized performances of the Plaintiffs' music, broad injunctive relief is appropriate and necessary.

### B.  **Statutory Damages**

The Copyright Act empowers a Plaintiff to elect to receive an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement in lieu of an award representing the Plaintiffs' actual damages and the Defendants' profits.  17 U.S.C. § 504(c)(1). Furthermore, "[i]n a case where the copyright owner sustains the burden of proving...that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).  Within these statutory limits, the assessment of damages is at the discretion of the court.  *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231-32 (1952).

Statutory damages are "designed to discourage wrongful conduct...and vindicate the statutory policy." *Id.* at 233.  "The court's award should be designed to compensate plaintiffs as well as to punish defendant[s]." *Prater Music v. Williams*, 5 USPQ2d 1813, 1816 (W.D. Mo. 1987).  To further discourage continued abuse and give effect to the Copyright Act, the amount awarded in statutory damages should significantly exceed the amount of unpaid license fees. *See EMI Mills Music, Inc. v. Empress Hotel, Inc.*, 470 F. Supp.2d 67, 75-76 (D. Puerto Rico 2006). As the court in *Prater Music* held:  "If the copyright laws are to have any effect, a judgment against [a] defendant must be appreciably more than the amount he would have had to expend to

obtain permission." 5 USPQ at 1816. Music users such as the Defendants should be "put on notice that it costs less to obey the copyright laws than to violate them." *Rodgers v. Eighty Four Lumber Co.*, 623 F. Supp. 889, 892 (W.D. Pa. 1985), quoting *Music City Music v. Alfa Foods Ltd.*, 616 F. Supp. 1001, 1003 (E.D. Va. 1985); *see also Broad. Music, Inc. v. Triple L Vending, Inc.*, 5 USPQ2d 1346, 1349 (W.D. Tex. 1987); *Halnat Pub. Co. v. L.A.P.A., Inc.*, 669 F. Supp. 933 (D. Minn. 1987).

The court, in its discretion, may also augment the amount of statutory damages awarded to reflect the degree of culpability exhibited by the Defendants. *See Wow & Flutter Music v. Len's Tom Jones Tavern, Inc.*, 606 F. Supp. at 555-57. "Where a defendant continues to infringe upon copyrights despite repeated warnings, courts have found defendant's conduct to be willful." *Prater Music*, 5 USPQ2d at 1815; *accord Int'l Korwin Corp. v. Kowalczyk*, 855 F. 2d. 375 (7th Cir. 1988); *Nick-O-Val Music Co., Inc. v. P.O.S. Radio, Inc.*, 656 F. Supp. at 829; *Rodgers*, 623 F. Supp. at 892.

The record supports a finding that the Defendants deliberately violated the Plaintiffs' rights. As set forth in the Stevens Declaration, between November 2010 and June 2012, BMI sent letters to the Defendants and repeatedly advised them of the need to enter into a license agreement. (SOF ¶ 7.) A BMI representative telephoned Defendants on thirty-one (31) occasions and on a number of those occasions spoke to persons associations with the establishment's operation, including one call with Defendant Prisco. (*Id.*)

On September 27, 2011, BMI sent Defendants a letter via FedEx informing them that they must immediately cease unauthorized performances of BMI-licensed music, with an additional follow up letter. (SOF ¶ 8.) Defendant Prisco signed for that cease and desist letter. (*Id.*) Despite all of this, Defendants did not obtain a license from BMI. As a result, BMI sent a

Music Researcher to the establishment to capture performances of BMI-licensed music. The Music Researcher made an audio recording and written record of the performance of eight (8) BMI-licensed compositions after that date. (SOF ¶ 9.)

Within the limits of $750 and $30,000 per infringement, the amount of any statutory damages award is within the discretion of this Court. 17 U.S.C. § 504(c). For the eight (8) acts of infringement described in the Complaint, Plaintiffs request a reasonable total award of $32,000.00, or $4,000.00 for each of the eight acts of infringement. In light of Defendants' repeated, continual and blatant disregard for Plaintiffs' copyrights, such an award is reasonable and justified.

Courts considering awards of statutory damages have recognized that awards in the range of $3,000 to $10,000 per infringement are appropriate in cases where the infringement resulted from deliberate indifference toward copyright laws. *See Broad. Music, Inc. v. Dona Cuca, Inc.*, 1:12-cv-1850 (N.D. Ill. July 31, 2013) (awarding $9,000 per work infringed, for a total principal amount of $36,000); *Divine Mill Music v. Blackmon's Inc.*, 2008 U.S. Dist. LEXIS 89755 (S.D. Ill. Nov. 5, 2008) (awarding "$7,000 per work infringed, for a total principal amount of $42,000"); *Sixx Gunner Music v. Quest, Inc.*, 777 F. Supp. 2d 272, 274 (D. Mass. 2011) (awarding $3,500.00 per count for each of 4 counts of infringement); *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716 (W.D.N.Y. 2011) (awarding $10,000.00 per violation for each of three counts of copyright violation); *Broad. Music, Inc. v. CDZ, Inc.*, 724 F. Supp. 2d 930, 939 (C.D. Ill. 2010) (awarding $4,000.00 per count for each of thirteen counts of infringement, finding the award "well within the statutory range"); *Broad. Music, Inc. v. Entertainment Complex, Inc.*, 198 F. Supp. 2d 1291 (N.D. Ala. 2002) (awarding $3,909.09 for each of eleven counts of copyright infringement); *Stygian Songs v. Johnson*, 776 F. Supp. 2d

233, (N.D. Tex. 2011) (awarding $10,000.00 for each of 5 counts of copyright infringement). For the foregoing reasons, Plaintiffs' request is a modest, just, and appropriate statutory damages award. Therefore, Plaintiffs request is a modest, just, and appropriate statutory damages award.

### C.     **Attorney's Fees and Costs**

The Copyright Act expressly provides that the "court may also award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Because it is consistent with the purpose of the Copyright Act, courts routinely award the reasonable fees incurred by a Plaintiff asserting its rights. *See Triple L Vending, Inc.*, 5 USPQ2d at 1349-52; *Broad. Music, Inc. v. Fox Amusement Co.*, 551 F. Supp. 104 (N.D. Ill. 1982); *Milene Music, Inc. v. Gotauco*, 551 F. Supp. at 1297.

In the present case, the Defendants have intentionally ignored their obligation under the Copyright Act and have forced Plaintiffs to engage in litigation to enforce their rights. Accordingly, Plaintiffs should be awarded full attorney's fees.

The Copyright Act expressly provides that the court "in its discretion may allow the recovery of full costs by or against any party . . . ." 17 U.S.C. § 505. Under this provision, the courts have allowed full recovery by the prevailing party of its reasonable costs. *See Milene Music, Inc. v. Gotauco*, 551 F. Supp. at 1297. There are no factors which would militate against an award of the Plaintiffs' costs in the present case. Such an award is particularly appropriate in light of the Defendants' deliberate misconduct and the statutory purpose of encouraging private enforcement of the Copyright Act.

## V.     CONCLUSION

For all of the foregoing reasons, Plaintiffs request that the Court:

(1)     Enter a Summary Judgment in its favor against each Defendant, jointly and severally;

(2)     Enter an order permanently enjoining Defendants from further acts of infringement;

(3)     Award Plaintiffs statutory damages of Twenty-Four Thousand Dollars ($32,000) which is Three Thousand Dollars ($4,000) for each of the eight (8) acts of copyright infringement alleged in the Complaint;

(4)     Award Plaintiffs their full costs;

(5)     Award Plaintiffs their reasonable attorney's fees; and

(6)     Grant such other and further relief as the Court deems appropriate.


Dated:  December 9, 2013                    BROADCAST MUSIC, INC. *et al*.

                                            _____/s/ Paul R. Coble_____
                                            Charles A. Laff
                                            calaff@michaelbest.com
                                            Paul R. Coble
                                            pcoble@michaelbest.com
                                            MICHAEL BEST & FRIEDRICH LLP
                                            Two Prudential Plaza
                                            180 North Stetson Avenue, Suite 2000
                                            Chicago, IL 60601
                                            (312) 222-0800

                                            ***Attorneys for Plaintiffs***

15