## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BROADCAST MUSIC, INC., et al.,          )
                                        )
          Plaintiffs,                   )
                                        )
     v.                                 )     No. 12 C 7339
                                        )
M.R.T.P., INC. d/b/a Prisco's           )
Eleven West; ANTHONY PRISCO, and        )
MICHAEL ROSSI,                          )
                                        )
          Defendants.                   )

## MEMORANDUM OPINION

Before the court are plaintiffs' motions for summary judgment and defendant Michael Rossi's cross-motion for summary judgment. For the reasons discussed below, plaintiffs' motions are granted as to defendants M.R.T.P., Inc. and Anthony Prisco and denied as to defendant Rossi, and Rossi's motion is granted.

## BACKGROUND

Plaintiff Broadcast Music, Inc. ("BMI") is a nonprofit organization that acquires non-exclusive public performance rights from copyright owners, such as music publishing companies and composers, and then licenses the public performances of the copyrighted musical works. According to BMI, it has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical works. The other plaintiffs are the copyright owners of the eight songs involved in this case and

have granted BMI the right to issue public performance licenses for their songs.[1]  Defendants M.R.T.P., Inc. ("MRTP") and Anthony Prisco operate Prisco's Eleven West ("Prisco's"), a bar located in South Chicago Heights, Illinois.  Plaintiffs allege that defendant Michael Rossi was also affiliated with Prisco's at the times relevant to the complaint.

Between November 16, 2010, and June 21, 2012, BMI sent Prisco several letters (to the establishment's address) and two e-mails describing BMI's vast repertoire and explaining that a license must be obtained in order to publicly perform BMI's musical works at the establishment.  The letters repeatedly urged Prisco to obtain a license in order to avoid infringing copyrights, and they included a proposed license agreement, with a license-fee schedule, and/or provided detailed instructions on how to apply for a license online.  (Decl. of Lawrence E. Stevens, Ex. B.)  There was no response to the letters.  On September 27, 2011, BMI sent Prisco a

_____

[1] The eight songs are *The Beautiful People*, published by Emerald Forest Entertainment Company, Inc. and Hori Productions America, Inc., a joint venture d/b/a Dinger and Ollie Music; Jeordie White, an individual d/b/a Blood Heavy Music; and Brian Warner, an individual d/b/a Songs of Golgotha; *Keep Your Hands to Yourself*, published by Warner-Tamerlane Publishing Corp.; Eleksylum Music, Inc.; and No Surrender Music, a division of Praxis International Communications, Inc.; *Killing Me Softly With His Song*, published by Fox-Gimbel Productions, Inc. and Charles Fox, an individual d/b/a Rodali Music; *Mr. Jones* a/k/a *Mister Jones*, published by EMI Blackwood Music Inc. and Counting Crows, LLC d/b/a Jones Falls Music; *Round Here*, published by Counting Crows, LLC d/b/a Jones Falls Music; Christopher C. Roldan, an individual d/b/a Porkchops and Applesauce Publishing; Dan Ryan Jewett, an individual d/b/a This Ought to Get Me a New Guitar Music; Dave A. Janusko, an individual d/b/a Free Ohio Pub.; and EMI Blackwood Music, Inc.; *Walk*, published by Cota Music Inc. and Power Metal Music Inc.; *Keep it Comin' Love*, published by EMI Virgin Songs, Inc. d/b/a EMI Longitude Music and Harrick Music, Inc.; and *Name*, published by EMI Virgin Songs, Inc.; Brian Slagel, an individual d/b/a Full Volume Music; and John T. Rzeznik, Robert C. Takac Jr. and George R. Tutuska Jr., a partnership d/b/a Scrap Metal Music.

letter, via FedEx, for which Prisco signed, instructing him to cease the public performance of BMI-licensed music. An additional letter was sent on January 25, 2012, making another cease-and-desist request. Prisco did not obtain a license.

Public performances of BMI-licensed music at Prisco's occurred after Prisco received this correspondence. On March 7, 2012, BMI's investigator visited Prisco's on a "karaoke night" and observed the performance of songs owned by the plaintiffs. The investigator made a digital recording of, and a written report about, the music that was performed by means of the karaoke machine. The report includes information about Prisco's--its location, the layout and appearance of the establishment, details about the music equipment that was being used--as well as details about the songs that were being performed, to the extent that the investigator knew them. Some of the remaining songs that were performed were identified from the digital recording through the use of music-recognition software and other BMI employees. (Stevens Decl., Ex. A.)

After the investigator's visit to Prisco's, BMI sent Prisco a letter advising him that its investigator had witnessed the recent public performance of BMI-licensed music at the establishment; BMI again requested that Prisco obtain a license. There was still no response, so BMI filed this lawsuit. The complaint alleges eight claims of willful copyright infringement, one for each of the eight BMI-represented copyrighted songs that were performed at Prisco's

on March 7, 2012.  Plaintiffs seek statutory damages for each act of infringement, an order permanently enjoining defendants from further infringement, and an award of reasonable attorneys' fees and costs.

The plaintiffs move for entry of summary judgment against each defendant.  Defendant Rossi cross-moves for entry of summary judgment against plaintiffs.

## DISCUSSION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party.  See Pitasi v. Gartner Group, Inc., 184 F.3d 709, 714 (7th Cir. 1999).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).  "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Talanda v. KFC Nat'l Mgmt. Co., 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its]

favor on a material question." <u>McGrath v. Gillis</u>, 44 F.3d 567, 569
(7th Cir. 1995).

A.   **Summary Judgment Against MTRP and Prisco's**

     The Copyright Act grants copyright owners certain exclusive
rights in their copyrighted musical works, including the exclusive
right to control the public performance of their works. 17 U.S.C.
§ 106(4); <u>ProCD, Inc. v. Zeidenberg</u>, 86 F.3d 1447, 1454 (7th Cir.
1996) ("Copyright law forbids duplication, public performance, and
so on, unless the person wishing to copy or perform the work gets
permission . . . ."). A plaintiff claiming copyright infringement
must establish two elements: "(1) ownership of a valid copyright,
and (2) copying of constituent elements of the work that are
original." <u>Janky v. Lake County Convention & Visitors Bureau</u>, 576
F.3d 356, 361 (7th Cir. 2009) (quoting <u>Feist Publ'ns, Inc. v. Rural
Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991)). Copying occurs when one
publicly performs a work without the copyright owner's
authorization. <u>Janky</u>, 576 F.3d at 361.

     The first element is undisputed. Attached to the complaint is
a schedule of the eight songs at issue, which includes the
publishers, the dates of copyright registration, and the
registration numbers. BMI has also submitted the Declaration of
Hope M. Lloyd, its Assistant Vice President, Legal; attached to Ms.
Lloyd's declaration are the copyright registration certificates for
each of the eight songs and subsequent documentation demonstrating

their chain of ownership. (Decl. of Hope M. Lloyd, Ex. A.)
Defendants do not dispute that the asserted copyrights contain the
requisite elements of originality, that they were properly
registered, or that plaintiffs have proprietary rights in the
works. (Defs.' Resp. to Pls.' Local Rule 56.1 Statement ¶ 14.)

        The second element is effectively undisputed by MRTP and
Prisco. We say "effectively" because although these two defendants
have no defense and have failed to come forward with any evidence
that would permit a jury to find in their favor, they have refused
to expressly concede liability. Instead, they have filed a
response brief, which is devoid of any legal authority whatsoever,
requesting that "the relief sought by the Plaintiffs be denied in
its entirety." (Defs.' Resp. at 4.) As to MRTP and Prisco, that
request is baseless. Plaintiffs have submitted evidence that the
songs were played at Prisco's without authorization on March 7,
2012. BMI's investigator, Sarah Kaminsky, made a certified report
regarding her March 7, 2012 visit to Prisco's, which included her
observation that one of the eight songs at issue, "Round Here," was
performed that night. BMI has also submitted Kaminsky's separate
certification that she made a digital recording of the music that
was performed. In addition, BMI has submitted the certification of
Lisa Brammer, an Associate Director of Performance Identification
for BMI, who explains the music-recognition software that BMI used
to identify most of the songs that Kaminsky recorded, as well as

the certification of Joannah Carr, a BMI employee who reviewed
Kaminsky's report and recording and identified the songs and/or
confirmed that the eight songs at issue had been recorded.
(Stevens Decl., Ex. A.)  BMI's Assistant Vice President of General
Licensing, Lawrence E. Stevens, has submitted a declaration stating
that the plaintiffs have not issued a license to anyone that
authorizes the performance at Prisco's of any of the musical works
at issue.  (Stevens Decl. ¶ 4.)

In their Local Rule 56.1 statement of undisputed facts,
plaintiffs state:

> 8.  [P]ublic performances of BMI-licensed music continued
> at Prisco's Eleven West after [September 27, 2011, the
> date of the cease-and-desist letter] and performances of
> songs owned by the Plaintiffs were chronicled by a BMI
> Music Researcher on March 7, 2012.  (Stevens Declaration
> ¶ 10.)
>
> 9.  Specifically, BMI's Music Researcher generated an
> audio recording and a written report of the songs played
> at Prisco's Eleven West on March 7, 2012, which includes
> the eight (8) songs that are the subject of this
> infringement action.  (Stevens Declaration ¶¶ 10-11, Ex.
> A.)  The audio recording was reviewed by BMI's
> Performance Identification employee, who confirmed that
> the eight (8) musical works that are the subject of this
> action were performed at Prisco's Eleven West on March 7,
> 2012.  (Id. ¶ 11.)

Defendants respond to both paragraphs: "Defendants dispute the
statements of alleged facts contained in paragraph[s] 8 [and] 9."
(Defs.' Resp. to Pls.' Rule 56.1 Statement ¶¶ 8-9.)  They do not
state why they dispute these paragraphs, nor do they cite to any
materials in the record that support their assertions.

Plaintiffs also state: "Defendants admit that they have no evidence controverting that on March 7, 201[2],[2] the [eight] musical compositions [at issue] were performed at Prisco's Eleven West." (Pls.' Rule 56.1 Statement ¶ 12.) Defendants simply respond: "Admissions 22 through 29 apply to Defendants Prisco and M.R.T.P. only." This response refers to defendants' responses to plaintiffs' first request for admissions, in which defendants admitted that they have no evidence controverting that each of the eight songs was performed at Prisco's on March 7, 2012. Defendants' Rule 56.1 response misses the point, which is the performance. We will address Rossi's liability below; that is a separate issue from whether there is any evidence to controvert plaintiffs' evidence that the eight songs were performed at Prisco's on March 7, 2012.

Defendants have failed to properly controvert paragraphs 8, 9, and 12 of plaintiffs' Rule 56.1 statement. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by citing to particular parts of materials in the record or by showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P.

---

[2] At a few points in their briefs, both sides have mistakenly used "2013" instead of "2012" when referring to the relevant date of March 7, 2012. We (and, evidently, the parties) have treated the references to 2013 as typographical errors.

56(c)(1).  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required," we may give an opportunity to properly support or address the fact, consider the fact undisputed for purposes of the motion, grant summary judgment if the motion and supporting materials show that the movant is entitled to it, or issue any other appropriate order.  Fed. R. Civ. P. 56(e).  Because defendants have failed to properly address plaintiffs' assertions in paragraphs 8, 9, and 12, and they have failed to offer any evidence to show any genuine dispute that the eight songs at issue were played at Prisco's on March 7, 2012, we will consider those paragraphs to be undisputed.  Thus, there is no genuine issue that plaintiffs' works were publicly performed without authorization and therefore copied and infringed upon at Prisco's on March 7, 2012.

Who is liable for the copyright infringement?  Not only is the performer liable for infringement, but so is anyone who sponsors the performance.  Twentieth Century Music Corp. v. Aiken, 422 U.S. 151, 157 (1975) ("An orchestra or individual instrumentalist or singer who performs a copyrighted musical composition in . . . a public place without a license is . . . clearly an infringer under the [Copyright Act]. The entrepreneur who sponsors such a public performance for profit is also an infringer--direct or contributory.").  The unauthorized performance was sponsored by Prisco's, and it is undisputed that MRTP owned Prisco's at the

relevant time.   (Defs.' Resp. to Pls.' Rule 56.1 Statement ¶¶ 6, 13.)   MRTP is therefore liable for the infringement.

As for Prisco, it is undisputed that he operated, and is the president of, MRTP.   (Defs.' Resp. to Pls.' Rule 56.1 Statement ¶ 6.)   Plaintiffs contend that Prisco is vicariously liable for copyright infringement.   We agree.   "An individual may be held vicariously liable" for copyright infringement "if he has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." <u>Microsoft Corp. v. Logical Choice Computers, Inc.</u>, No. 99 C 1300, 2001 WL 58950, at *10 (N.D. Ill. Jan. 22, 2001).   In relevant part, plaintiffs' Rule 56.1 statement asserts:

> Defendants, M.R.T.P., Inc. and Anthony Prisco own and operate Prisco's Eleven West located at 11 West Sauk Trail, South Chicago Heights, Illinois . . ., which regularly features performances of live and recorded music.   As President of M.R.T.P., Inc., Anthony Prisco has responsibility for the daily business activities of Prisco's Eleven West.   At least as of March 7, 2013, the date of Defendants' copyright infringement, Defendant Michael Rossi was [] listed as the Secretary of M.R.T.P., Inc. on Prisco's Eleven West's liquor license.

(Pls.' Rule 56.1 Statement ¶ 6 (supporting citations omitted).) Defendants "agree" that "M.R.T.P. owned and Prisco operated Prisco's Eleven West on March 7, 201[2], but "dispute" "the remaining statements of alleged facts."   (Defs.' Resp. to Pls.' Rule 56.1 Statement ¶ 6.)

Plaintiffs also assert:

> Defendants M.R.T.P., Inc., Anthony Prisco, and Michael
> Rossi operated and maintained the Establishment, had the
> right and ability to direct and control the activities of
> the Establishment, and had a direct financial interest in
> the Establishment.  In addition, Defendants admit that
> Defendant Anthony Prisco had the right and ability to
> supervise the persons employed by Prisco's Eleven West on
> March 7, 201[2], and that Anthony Prisco was present at
> Prisco's Eleven West on March 7, 201[2].

(Pls.' Rule 56.1 Statement ¶ 13 (supporting citations omitted).)

Defendants respond: "Paragraph 13 misstates evidence by lumping all

three Defendants into it.  Defendant Rossi had nothing to do with

Prisco's Eleven West at any time.  Admissions 1 through 3 apply to

Defendant M.R.T.P.  Admissions 4 through 7 apply to Defendant

Prisco.  Admissions 8 through 11 apply to Defendant Rossi and were

denied."  (Defs.' Resp. to Pls.' Rule 56.1 Statement ¶ 13.)

Putting the matter of Rossi's involvement aside, these are not

proper responses to plaintiffs' assertions concerning Prisco's

right and ability to supervise the activity at Prisco's, his

responsibilities, or his financial interest; Prisco fails to cite

to anything in the record in paragraph 6 that would support his

denial that he was responsible for the establishment's daily

business activities.  And referring back to discovery responses and

stating to whom they "apply" does not properly address what is

asserted.  In those responses, however, defendants admitted that on

March 7, 2012, Prisco had the right and ability to direct and

control the activities of Prisco's, the right and ability to

supervise Prisco's employees, and a direct financial interest in

Prisco's. (Defs.' Resp. to Pls.' First Req. for Admis. ¶¶ 5-7.)
Accordingly, we will consider it undisputed that Prisco had the
right and ability to supervise the infringing activity at Prisco's
and had a direct financial interest in such activities. Prisco is
therefore vicariously liable for the copyright infringements.

**B.    Summary Judgment with Respect to Rossi**

Plaintiffs argue that Rossi is also vicariously liable for the
instances of copyright infringement at Prisco's. Rossi cross-moves
for summary judgment, noting that the "only evidence" plaintiffs
have submitted to connect Michael Rossi to MRTP "is that he was
allegedly listed as the Secretary [of MTRP] on the Illinois Liquor
Control Commission's website." (Rossi's Cross-Mot. for Summ. J. ¶
3.)

In plaintiffs' opening brief, their argument for Rossi's
liability consists of a single sentence: "Michael Rossi was
Secretary of M.R.T.P., at least as of the date of the
infringement." (Pls.' Mem. in Supp. of Mot. for Summ. J. at 9.)
Aside from Rossi's sworn denials of having any ownership interest
in Prisco's, the only evidence plaintiffs submit concerning Rossi's
involvement are Prisco's 2011, 2012, and 2013 liquor license
renewal applications, which evidently were sent to Prisco's by the
Illinois Liquor Control Commission with certain information that
carried over from previous years pre-printed on the application,
which Prisco then signed and submitted. Under the heading "YOUR

CORPORATE OFFICER/OWNERSHIP INFORMATION ON RECORD HAS BEEN PRINTED BELOW.  IF ANY INFORMATION HAS CHANGED, PLEASE MAKE APPROPRIATE CORRECTIONS TO THE INFORMATION PRINTED BELOW," three names are printed: 1) "Anthony J. Prisco" as "PRES," with "% OWNED" as "100.00"; 2) "Anthony Prisco" as "PRES," with "% OWNED" as "50.00"; and 3) "Michael Rossi" as "SEC," with nothing printed under the "% OWNED" heading.  (Decl. of Paul R. Coble, Ex. B.)

In response, Rossi argues that he had no connection with Prisco's at the relevant time.  He submits a certification stating that "on or about March 7, 2012, I had no interest of any kind in M.R.T.P., INC. and/or PRISCO'S ELEVEN WEST, or any other entity located at 11 West Sauk Trail, South Chicago Heights, Illinois." (Defs.' Resp. to Pls.' Rule 56.1 Statement, Ex. C, Certification of Michael Rossi ¶ 1.)  He also states that his interest in MRTP and Prisco's was "terminated" in 2002.  (Rossi Cert. ¶ 2.)  Prisco submits an affidavit stating the same.  (Defs.' Resp. to Pls.' Rule 56.1 Statement, Ex. D, Aff. of Anthony Prisco ¶¶ 1-2.)

Plaintiffs find fault with this response, deeming Rossi's certification and Prisco's affidavit "self-serving" and arguing that Rossi has not provided any "explanation or details about" his ownership interest, or lack thereof, and no "supporting documents." (Pls.' Reply at 4.)  Plaintiffs do not seem to appreciate that they have provided no evidence about Rossi's ownership or financial interest in MRTP or Prisco's.  Even the liquor-license renewal

applications that plaintiffs themselves submit do not state that Rossi has any ownership interest in the corporation or establishment. The fact that he may have been a corporate officer of MRTP at one time is not material because it does not imply a financial interest. In addition, plaintiffs completely ignore the factor of whether Rossi had the right and ability to supervise the infringing activity at Prisco's; his possible onetime position as Secretary has no bearing on this question.

In sum, although plaintiffs contend that Rossi is vicariously liable for the copyright infringement that occurred at Prisco's, they have submitted no evidence whatsoever that would entitle them to a jury determination. They have failed to meet their initial burden under Rule 56, so their motion for summary judgment as to Rossi will be denied.

Conversely, Rossi has submitted a certification that he had no interest in MRTP or Prisco's and that his interest was terminated many years before the infringement. It matters not that Rossi's certification is "self-serving" and uncorroborated; he asserts specific facts based on his personal knowledge, and that is an acceptable method for presenting evidence on summary judgment. See, e.g., Payne v. Pauley, 337 F.3d 767, 770-73 (7th Cir. 2003). Plaintiffs have not responded with any evidence showing that there is a genuine issue of fact as to Rossi's financial interest in, or right and ability to supervise the infringing activity at,

Prisco's. Rossi's motion for summary judgment will therefore be granted.

## C. **Relief**

### 1. **Statutory Damages**

Plaintiffs request statutory damages for each claim of infringement. The Copyright Act provides that a copyright owner may recover statutory damages, instead of actual damages, of "a sum of not less than $750 or more than $30,000 as the court considers just" for each infringement. 17 U.S.C. § 504(c)(1). The statute also provides that where the infringement is proven to have been committed willfully, the court may increase the award of statutory damages to a sum of not more than $150,000, and if the court finds that the infringer was not aware and had no reason to believe that his acts constituted copyright infringement, it may reduce the award of statutory damages to a sum of not less than $200. 17 U.S.C. § 504(c)(2).

Plaintiffs maintain that the record supports a finding that the defendants deliberately violated plaintiffs' rights because defendants failed to obtain a license for public performance despite BMI's having informed them repeatedly of their need to do so. We agree, as to MRTP and Prisco. Between November 2010 and June 2012, BMI sent letters to Prisco, as well as cease-and-desist requests, that repeatedly advised him of the need to enter into a license agreement. Plaintiffs have submitted copies of these

letters. (Stevens Decl., Ex. B.) Although MRTP and Prisco "dispute" that they were repeatedly so informed, Defs.' Resp. to Pls.' Rule 56.1 Statement ¶¶ 7-8, it appears that this "dispute" only goes to whether *Rossi* was so informed, and in any event defendants provide no explanation for the denial and no supporting materials.[3] It is uncontroverted, then, that MRTP and Prisco were repeatedly informed of the need for a license and received cease-and-desist requests, and they still did not obtain any BMI license. They were on notice that copyright infringement was occurring at Prisco's and did not attempt to correct it. Accordingly, we find that MRTP and Prisco acted willfully in violating plaintiff's rights.

Plaintiffs seek a total statutory-damages award of $32,000 ($4,000 per infringement) for the eight acts of infringement here. In his declaration, Mr. Stevens states that the estimated total license fees from November 1, 2010 to October 31, 2013, had defendants entered into a license agreement at the time BMI first contacted them in November 2010, would have been $4,961.25. (Stevens Decl. ¶ 16.) Plaintiffs cite decisions awarding statutory damages in the range of $3,000 to $10,000 per infringement where

---

[3] Defendants complain that plaintiffs, in their Rule 56.1 statement, "lump" defendants together by making statements like "BMI repeatedly informed Defendants of the need to obtain permission for public performances of copyrighted music," Defs.' Resp. to Pls.' Mem. in Supp. of Mot. at 2-3, but they also engage in this sort of tactic by focusing their arguments on Rossi's lack of involvement without explicitly acknowledging MRTP and Prisco's involvement.

the infringement resulted from deliberate indifference to copyright laws.

We are not required to follow any rigid formula when awarding statutory damages; we may consider various factors such as the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement. See <u>Chi-Boy Music v. Charlie Club, Inc.</u>, 930 F.2d 1224, 1229-30 (7th Cir. 1991); <u>F.E.L. Publ'ns, Ltd. v. Catholic Bishop of Chicago</u>, 754 F.2d 216, 219 (7th Cir. 1985). When the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations. <u>Chi-Boy Music</u>, 930 F.2d at 1229-30. The award requested by plaintiffs, $32,000, is more than six times the amount of unpaid license fees. At first blush, this sounds a bit excessive, but not after we consider that MRTP and Prisco continued their infringing behavior after being given numerous notifications and opportunities to obtain a license over the course of a year and a half. They dragged their feet on appearing in this action and have contested liability with no basis for doing so. Moreover, plaintiffs do not seek an award anywhere near the statutory maximum for each willful infringement. We believe that the requested award of $4,000 for each of the eight infringing acts is reasonable; it is well within the statutory range and should be sufficient to deter future violations by

defendants, but not unduly large. Accordingly, we will award plaintiffs statutory damages of $4,000 per copyright, for eight copyrights, for a total statutory damages award of $32,000.

## 2. Injunctive Relief

Plaintiffs request permanent injunctive relief pursuant to 17 U.S.C. § 502(a), which provides that the court may grant a final injunction on such terms as it deems reasonable "to prevent or restrain infringement of a copyright." A plaintiff seeking a permanent injunction must show (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. Flava Works, Inc. v. Gunter, 689 F.3d 754, 755 (7th Cir. 2012) (citing Ebay Inc. v. Mercexchange, L.L.C., 547 U.S. 388, 391 (2006), and holding that Ebay's four-factor test for permanent injunctive relief governs requests for relief in copyright cases). Plaintiffs fail to cite Seventh Circuit case law; they also fail to develop their argument by addressing each factor and explaining why each is satisfied here. Accordingly, the request for injunctive relief will be denied.

3.   **Attorneys' Fees and Costs**

Plaintiffs seek reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505, which provides that we may award reasonable attorneys' fees and costs to the prevailing party.  "The two most important considerations in determining whether to award attorneys' fees in a copyright case are the strength of the prevailing party's case and the amount of damages or other relief the party obtained." Assessment Techs. of WI, LLC v. Wiredata, Inc., 361 F.3d 434, 436 (7th Cir. 2004).  Attorneys' fees under the Copyright Act "have been awarded for the purposes of encouraging the assertion of colorable copyright claims, deterring infringement, and making the plaintiff whole."  Roulo v. Russ Berrie & Co., 886 F.2d 931, 942 (7th Cir. 1989).  A finding of willful copyright infringement will support an award of attorneys' fees, although such a finding is not a prerequisite.  Id.

We have found that defendants MRTP and Prisco acted willfully. In addition, their defense of this case was frivolous.  They forced plaintiffs to file a motion for summary judgment and, without any basis, took the position that plaintiffs are not entitled to any relief against them.  A compensatory award of reasonable attorneys' fees and costs to plaintiffs is appropriate.  This award does not include fees incurred for work performed by plaintiffs that pertained solely to defendant Michael Rossi (such as plaintiffs'

motion for summary judgment as to Rossi, document number 29, and plaintiffs' response in opposition to Rossi's cross-motion).

On the claims against him, Rossi is the prevailing party, and he also requests attorneys' fees and costs. Plaintiffs assert that they, not Rossi, "should be awarded attorneys' fees for Rossi's distracting and frivolous motion, particularly where the co-defendants have essentially admitted the copyright infringement claims in this case." (Pls.' Resp. to Rossi's Mot. for Summ. J. at 3-4.) We disagree. The liability of Rossi's co-defendants has nothing to do with Rossi's liability. As to Rossi, it is not Rossi's motion, but that of plaintiffs, that was frivolous. Their argument for Rossi's vicarious liability was so weak that they could not meet their initial burden on summary judgment.

In copyright actions, "prevailing plaintiffs and prevailing defendants are to be treated alike." Assessment Techs., 361 F.3d at 436 (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994)). When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. Assessment Techs., 361 F.3d at 437. Rossi points out that he had to defend this case and move for summary judgment because plaintiffs would not accept a sworn statement that he had no ownership interest in Prisco's at the relevant time. Plaintiffs refused to dismiss Rossi, based solely on the fact that he was listed as a corporate officer--with no

ownership interest--on Prisco's pre-printed liquor-license applications. Rossi is therefore entitled to his reasonable attorneys' fees and costs. However, Rossi shares counsel with MRTP and Prisco, so he is entitled only to the reasonable fees and costs incurred solely on his behalf. Defense counsel filed only two documents solely on Rossi's behalf. The first was Rossi's single-page motion to dismiss the action, which we denied because it relied on factual matters outside the pleadings (Rossi's certification) that cannot be raised on a motion to dismiss. Because that motion was without merit, we will not award Rossi the fees incurred in connection with it. The second document filed on Rossi's behalf was his two-page cross-motion for summary judgment and one-page certification. Thus, the fees incurred solely on Rossi's behalf appear to be negligible, but Rossi is entitled to the fees incurred for that work, and they are awarded to him.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for summary judgment as to defendant M.R.T.P., Inc. [27] is granted in large part, except with respect to the request for injunctive relief; plaintiffs' motion for summary judgment as to defendant Anthony Prisco [28] is granted in large part, except with respect to the request for injunctive relief; plaintiffs' motion for summary judgment as to defendant Michael Rossi [29] is denied; and

defendant Michael Rossi's cross-motion for summary judgment [43] is granted.

The court awards plaintiffs statutory damages of $4,000.00 for each of the eight copyrights that defendants M.R.T.P., Inc. and Anthony Prisco infringed, for a total statutory damage award of $32,000, against M.R.T.P., Inc. and Anthony Prisco, jointly and severally. The court grants plaintiffs' request for an award of attorneys' fees and costs against M.R.T.P., Inc. and Anthony Prisco. (This award does not include fees incurred for work performed by plaintiffs solely with respect to defendant Michael Rossi.) The court grants Michael Rossi's request for an award of attorneys' fees and costs against plaintiffs for any work done by defense counsel that was performed solely on behalf of Rossi.

The parties are directed to confer and informally attempt to agree on the appropriate amount of attorneys' fees. They are strongly encouraged to reach such an agreement; the court has spent an undue amount of time on this case. If, by August 15, 2014, they have not been able to agree, they should follow the procedure outlined in Local Rule 54.3 (and the schedule set forth in that Rule shall run from August 15, 2014 instead of today's date). In the event that the parties do reach an agreement regarding fees by August 15, the plaintiffs are directed to submit a proposed judgment order by August 25, 2014.

DATE:          June 26, 2014


ENTER:         _____

               John F. Grady, United States District Judge